UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JERRY CARTER, | ) |
| Movant, | ) |
| vs. | ) Case No. 4:16-cv-00025-JAR |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Movant Jerry Carter's Motion for Reconsideration under Federal Rule of Civil Procedure 59(e) (Docs. 74, 75, 76).

### Procedural History

Movant filed his initial 28 U.S.C. § 2255 Motion on January 7, 2016. (Doc. 1.) After a number of extensions, the Government responded in opposition on June 24, 2016. (Doc. 20.) Thereafter, Movant filed four separate replies (Docs. 21-24), and a Motion for Contempt (Doc. 25). That motion was denied. (Doc. 25.) Then, between August 29, 2016, and October 24, 2016, Movant mailed seven letters to the Clerk. (Docs. 28-34.) Interpreting Movant's letters as an attempt to supplement his § 2255 Motion, the Court granted leave to file an amended motion. (Doc. 35.) Movant requested an evidentiary hearing (Doc. 36), the request was denied as well (Doc. 37), movant moved for reconsideration of his request (Doc. 38), and that motion was denied (Doc. 39.)

1

On December 19, 2016, Movant filed a motion for leave to amend his § 2255 Motion. (Doc. 40.) As it had before, the Court granted leave to amend (Doc. 41), and Movant's Amended § 2255 Motion was docketed on December 21, 2016 (Doc. 42). After two extensions, the Government filed its response in opposition to Movant's Amended Motion on May 8, 2017. (Doc. 49.) On June 5, 2017, Movant moved for sanctions against the Government. (Doc. 53.) That motion was denied. (Doc. 54.) Movant filed his reply to the Government's response on June 20, 2017. (Doc. 55.) While the case was pending, Movant filed a second reply, on March 2, 2018. (Doc. 56.) Then, movant moved the Court for leave to supplement his Amended §2255 Motion with an additional ground for relief. (Doc. 58.) The Court granted leave on April 24, 2018. (Doc. 59.) Thirteen days later, Movant withdrew his supplemental ground. (Doc. 61.)

After that, Movant filed several additional documents, including a discovery request (Doc. 63), a motion to compel judgment (Doc. 65), and a motion for evidentiary hearing (Doc. 66). On October 17, 2018, Movant filed a Petition for Writ of Mandamus with the United States Court of Appeals for the Eight Circuit. (Doc. 68.) The Appeals Court denied that motion. (Doc. 69.) Shortly thereafter, this Court entered its order denying Movant's 28 U.S.C. § 2255 Motion. (Doc. 71.) Eleven days later, the Eighth Circuit denied Movant's request for a panel rehearing of his mandamus petition. (Doc. 73.)

Movant now moves this Court to reconsider its denial of his §2255 Motion. (Docs. 74-76.)

**Legal Standard**

"A district court has broad discretion in determining whether to grant or deny a motion to alter or amend judgment pursuant to Rule 59(e)." *United States v. Metro. St. Louis Sewer Dist.*,

2

440 F.3d 930, 933 (8th Cir. 2006). "Rule 59(e) motions serve the limited function of correcting "manifest errors of law or fact or to present newly discovered evidence." *Id.* (quoting *Innovative Home Health Care v. P. T.-O. T. Assoc. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998)).

**Analysis**

Movant presents no new facts or evidence in support of reconsideration. Instead, he asserts that the Court failed to address a number of his claims. First, he asserts that the Court "inadvertently changed" his ineffective-assistance-of-trial-counsel argument regarding the chain-of-custody. (Doc. 74 at 1.) He restates his specific claims of ineffective assistance: Counsel "failed to request disclosure of exculpatory chain of custody evidence"; "failed to request the exact time Detective Lawrence O'Toole conveyed [evidence] to [Bridgette] Stewart"; failed to object to perjured testimony by O'Toole and Allyson D. Seger; failed to object when the Government did not disclose lab reports; told the Court that he could not obtain evidence that Movant sought because "he did not believe [it] existed"; failed to call Stewart to testify; "fail[ed] to use the [St. Louis Metropolitan Police Department's] chain-of-custody"; and ultimately, "abandoning chain of custody evidence" in a way that resulted in Movant's conviction. (Doc. 74 at 1-4.)

The Court reiterates that Movant's counsel requested, obtained, and used numerous testing records from his case, using them to cross-examine government witnesses about the chain of custody. In this way, Movant's assertion that counsel insufficiently challenged the reliability of the evidence is incorrect; counsel made a great deal of the chain of custody. The Court also reiterates its conclusion that there was sufficient additional evidence to convict Movant even if counsel had successfully prevented the government from using the lab evidence at the heart of

3

the reports, "including first-hand reports from two reliable informants and officers' surveillance of Movant engaging in hand-to-hand drug sales." (Doc. 71 at 6.) Not only did the Court consider each of Movant's allegations of ineffective-assistance regarding the chain-of-custody issue, its general finding that the issue was not determinative shows that denying relief on this ground was not a manifest error of law. Fed. R. Civ. P. 59(e).

Next, Movant argues that the Court failed to address his claim that counsel was ineffective for failing to address at trial a DEA report of controlled buys. Specifically, he alleges that the report "contained a false address" and "the individual the officers were conducting the controlled buys with First Name was unknown and Last Name was unknown." (Doc. 75 at 5.) Movant asserted that, had the jury been aware of those two facts, he "would have been found not guilty of possession of heroin with intent to distribute, possession of a firearm in furtherance of a drug trafficking crime and felon in possession of a firearm." (*Id.*)

The Court notes that it did not address this ground by number or quote its specific allegations in its order. However, the Court's analysis necessarily incorporated Movant's allegations. Specifically, the Court noted that the information garnered by the DEA informant—who was ultimately named by the Government when it sought to introduce evidence of the controlled buys—was corroborated by first-hand observation by officers on numerous occasions. Moreover, counsel challenged the credibility and probative value of the DEA informant's information at trial, undermining Movant's bald claim that he would have been acquitted had the DEA report's incorrect address and the informant's anonymity been mentioned. Movant has not demonstrated that denying relief on this ground was a manifest error of law. Fed. R. Civ. P. 59(e).

Next, Movant reiterates his claim that counsel prejudiced him by referring to him as a drug dealer. (Doc. 75 at 6.) In its Order, the Court stated that "It is unclear to the Court which statement Movant is referencing." (Doc. 72.) In this Motion, Movant quotes counsel as explaining to the Court that "the truth about what had been occurring with [Movant]" is that "the DEA was purchasing drugs throughout the St. Louis Metropolitan area . . . in an effort to locate [its] country of origin." (Doc. 75 at 6.) Now knowing the subject statements, the Court confirms that counsel was not ineffective. Given the substantial additional evidence of Movant's drug-selling activity, any prejudice caused by counsel's statement was minimal. In addition, Counsel went on to tell the jury that "The program, The National Drug Threat Assessment, seeks to purchase drugs, not to form the basis for criminal charges, but to determine the quantity, quality and type of drugs available in a particular area." (*Id.*) In so doing, counsel undermined the probative value of that evidence by suggesting that statistical data is not gathered in the meticulous manner one expects for a criminal investigation. Once more, Movant has not demonstrated that denying relief on this ground was a manifest error of law. Fed. R. Civ. P. 59(e).

Finally, Movant takes issue with the Court's handling of his claim that counsel was ineffective for not raising at trial a "Warning and Waiver" form signed by a woman who was being questioned about unlawful possession of a firearm. (Doc. 75 at 7.) Movant suggests that he was convicted of possessing "the exact same firearm they later claim to have removed off the hip of [Movant] outside of the apartment" and before they encountered the woman inside. (*Id.*) Movant argues that the form "is exculpatory evidence that more than likely would have caused

5

doubt in the jury" because "there is no logical reason for the detectives in this case to . . . accuse [the woman] of possessing a firearm discovered [before they entered the apartment.]" (*Id.*)

The Court fails to see how evidence of Movant's possession of a firearm is exculpatory. At most, the form would call into question any charge of possession against the woman; addressing the form at trial would have been of no strategic benefit to Movant. Thus, Movant has not demonstrated that denying relief on this or any ground was a manifest error of law. Fed. R. Civ. P. 59(e).

**Conclusion**

For the foregoing reasons, the Court finds that its denial of relief on Movant's grounds was not a manifest error of law. Fed. R. Civ. P. 59(e). The Court will therefore deny his Motion for Reconsideration.

Accordingly,

**IT IS HEREBY ORDERED** that Movant Jerry Carter's Motion for Reconsideration under Federal Rule of Civil Procedure 59(e) (Doc. 74), is **DENIED**.

Dated this 16th Day of January, 2019.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE