# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JERRY CARTER, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 4:16-cv-00025-JAR |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court in this closed case on Movant's Motion for Relief Under Rule 60(b) (Doc. 91) and Motions for Issuance of Certificate of Appealability. (Docs. 80, 89).

### **Background**

On January 7, 2016, Movant filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (Doc. 1). Movant was granted leave to file an amended motion, which was docketed on December 21, 2016. (Doc. 42). This Court denied the motion with prejudice on December 10, 2018. (Docs. 71-72). Movant immediately filed a Motion for Reconsideration pursuant to Fed. R. Civ. P. 59(e) (Doc. 74), which was denied because Movant "present[ed] no new facts or evidence in support of reconsideration." (Doc. 78 at 3). Movant filed additional motions for reconsideration (Docs. 75, 77, 79), all of which were denied. (Doc. 82).

### **Motion for Relief Under Rule 60(b)**

Movant brings the instant motion for relief pursuant to Rule 60(b), arguing that this Court "miscontru[ed] or chang[ed]" a claim in the amended § 2255 motion. (Doc. 91 at 1). A party moving for reconsideration pursuant to any portion of Rule 60(b) must "establish 'exceptional

circumstances' to obtain the 'extraordinary relief' the rule provides." *Prosser v. Nagaldinne*, 2013 WL 308770, at *1 (E.D. Mo. Jan. 25, 2013) (quoting *De Wit v. Firstar Corp.*, 904 F.Supp. 1476, 1496 (N.D. Iowa 1995)). "Rule 60(b) motions are viewed with disfavor and are addressed to the Court's discretion." *General, LLC v. Ryder System, Inc.*, 2018 WL 5761773, at *2 (E.D. Mo. Nov. 2, 2018).

Upon filing of a Rule 60(b) motion following dismissal of a habeas petition, the Eighth Circuit encourages district courts to "conduct a brief inquiry to determine whether the allegations in the Rule 60(b) motion in fact amount to a second or successive collateral attack under … 28 U.S.C. § 2255." *Boyd v. U.S.*, 304 F.3d 813, 814 (8th Cir. 2002). A Rule 60(b) motion is considered a second or successive habeas petition if it contains a "claim." *See Ward v. Norris*, 577 F.3d 925, 933 (8th Cir. 2009); *Rhodes v. United States*, 2019 WL 1243128, at *2 (E.D. Mo. Mar. 18, 2019). A Rule 60(b) motion contains a "claim" if it "seeks to add a new ground for relief" or "attacks the federal court's previous resolution on the merits." *Gonzales v. Crosby*, 545 U.S. 524, 532 (2005).

Movant contends that this Court misconstrued one of his grounds for relief and should have recognized that he was making a claim that his Sixth Amendment rights were violated because he did not have an opportunity to confront an unknown informant. (Doc. 91 at 4). In its denial of Movant's Rule 59(e) motion, this Court specifically addressed the impact of information garnered from the confidential informant and noted that this issue was discussed in the original denial of Movant's motion for relief. (Doc. 78 at 4). By attacking this Court's previous resolution on the merits, Movant brings a "claim," and therefore brings a second or successive habeas petition. As discussed further below, moreover, Movant's amended habeas motion did not mention any Confrontation Clause claim in relation to the confidential informant. Therefore, the motion constitutes a "claim" because it "seeks to add a new ground for relief." *Gonzales*, 545 U.S. at 532.

Because Movant did not obtain authorization from the Eighth Circuit to file this motion, the Court will dismiss it for lack of jurisdiction.

Alternatively, if this Court were to substantively address the motion, the Court would find that Movant's argument does not raise exceptional circumstances justifying extraordinary relief under Rule 60(b). Having re-reviewed Movant's habeas petition and given it a liberal construction, Movant simply did not make the argument that his Confrontation Clause rights were violated because he was not able to cross-examine the confidential informant. There is one reference to the Confrontation Clause in Movant's petition: "Trial counsel violated the appellant's Sixth Amendment Confrontation right." (Doc. 42 at 14). This claim, however, follows Movant's ground for relief arguing that trial counsel should have called Detective Michael Kegel to testify. Movant's claim regarding the confidential informant does not constitute newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(e) (Fed. R. Civ. P. 60(b)(2)). There is no error justifying relief under Fed. R. Civ. P. 60(b).

### Motions for Issuance of Certificate of Appealability

Movant has filed two Motions for Issuance of Certificate of Appealability. (Docs. 80, 89). After careful review of Movant's petition, this Court found that Movant could not make a substantial showing of the denial of a constitutional right. (Doc. 71 at 17). Therefore, the Court declined to issue a certificate of appealability. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 525 U.S. 834 (1998). Beyond making a substantial showing of denial of a constitutional right, Movant must also "demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." *Randolf v. Kemna*, 276 F.3d 401, 403 n.1 (8th Cir. 2002). The instant motions simply restate many of the arguments made in Movant's

amended habeas petition and fail to demonstrate a substantial showing of denial of a constitutional right.

Accordingly,

**IT IS HEREBY ORDERED** that Movant's Motion for Relief Under Rule 60(b) (Doc. 91) is **DENIED** to the extent it is treated as a Rule 60(b) motion and **DISMISSED** for lack of jurisdiction as a second or successive habeas petition in all other respects.

**IT IS FURTHER ORDERED** that Movant's Motions for Issuance of Certificate of Appealability (Docs. 80, 89) are **DENIED.**

Dated this 13th day of October, 2020.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE