**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| JERRY CARTER, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | Case No. 4:16-CV-00025-JAR |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This closed matter is before the Court on Movant Jerry Carter's Motion for Relief Under Rule 60(b) (Doc. 114). For the reasons discussed below, the motion will be denied.

**I.    BACKGROUND**

On July 2, 2014, a jury found Movant guilty on all counts of a three-count indictment charging him with possession with intent to distribute heroin in violation of 21 U.S.C. § 841(a)(1), possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1), and being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). *United States v. Carter*, No. 13-CR-334 (E.D. Mo.), Doc. 106. On December 10, 2018, this Court denied Movant's Amended Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (Docs. 71-72). Movant immediately filed a Motion for Reconsideration pursuant to Fed. R. Civ. P. 59(e) (Docs. 74, 75, 76), which was denied because Movant "present[ed] no new facts or evidence in support of reconsideration." (Doc. 78 at 3). Movant filed additional motions for reconsideration (Docs. 77, 79, 91), all of which have been denied. (Docs. 82, 98). The Eighth Circuit Court of Appeals has affirmed these decisions and denied Movant's request for authorization to file a second or successive habeas motion. (Docs. 96, 109, 112).

## II.     ANALYSIS

Movant again seeks relief pursuant to Rule 60(b). Generally, relief under Rule 60(b) is rare and merited "in only the most exceptional cases." *Noah v. Bond Cold Storage*, 408 F.3d 1043, 1045 (8th Cir. 2005) (citation omitted); *see also United States v. Young*, 806 F.2d 805, 806 (8th Cir. 1986) (per curiam). Relief for "any other reason that justifies relief" under Rule 60(b)(6) remains an "extraordinary remedy" reserved for "exceptional circumstances." *City of Duluth v. Fond du Lac Band of Lake Superior Chippewa*, 702 F.3d 1147, 1155 (8th Cir. 2013) (citation omitted). Movant specifically cites Rule 60(b)(3), which provides grounds for relief in the event of fraud, misrepresentation, or misconduct by an opposing party. To obtain Rule 60(b)(3) relief, Movant must demonstrate by clear and convincing evidence that the Government "engaged in fraud or other misconduct and that this conduct prevented [Movant] from fully and fairly presenting his case." *Cook v. City of Bella Villa*, 582 F.3d 840, 855 (8th Cir. 2009) (quotations omitted). Rule 60(b) "vests wide discretion in courts." *Buck v. Davis*, 137 S. Ct. 759, 777 (2017).

The Eighth Circuit encourages district courts to "conduct a brief inquiry to determine whether the allegations in the Rule 60(b) motion in fact amount to a second or successive collateral attack under … 28 U.S.C. § 2255." *Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002). A Rule 60(b) motion is considered a second or successive habeas petition if it contains a "claim." *Ward v. Norris*, 577 F.3d 925, 933 (8th Cir. 2009). A Rule 60(b) motion contains a "claim" if it "seeks to add a new ground for relief" or "attacks the federal court's previous resolution on the merits." *Gonzales v. Crosby*, 545 U.S. 524, 532 (2005).

Movant contends that a police officer "testified under the color of law at [Movant's] trial as a witness for the [S]tate and has now been fired from the police department for overdosing on drugs." (Doc. 114 at ¶ 5). Though not specifically addressed in the motion, it appears that this

alleged overdose and termination occurred years after Movant's trial. Therefore, Movant does not have any plausible claim for relief under *Brady v. Maryland*, 373 U.S. 83 (1963). The Eighth Circuit has also held that nonmaterial *Brady* claims should be considered second or successive and accordingly require preauthorization from the court of appeals. *Crawford v. Minnesota*, 698 F.3d 1086 (8th Cir. 2012).

The "newly discovered evidence" identified by Movant, moreover, is certainly not sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense." 28 U.S.C. § 2255(h)(1); *see Baranski v. United States*, 880 F.3d 951, 958 (8th Cir. 2018) ("[Movant] has no new evidence relating to the elements of the offense that would support a claim of actual innocence, only allegedly new information that no doubt would have expanded defense counsel's cross examination and attempted impeachment."). Because Movant has not obtained certification from the Eighth Circuit, the Court must dismiss the instant motion.

Alternatively, if this Court were to substantively address Movant's claims, it would find that Movant's argument does not raise exceptional circumstances justifying extraordinary relief. Since the alleged overdose occurred after Movant's trial, the Government did not practice a fraud upon the Court or misrepresent the officer's testimony. In short, the fact that a Government witness allegedly engaged in problematic conduct post-trial causing him to be terminated from the police department does not constitute exceptional circumstances justifying Rule 60(b) relief.

Accordingly,

**IT IS HEREBY ORDERED** that Movant's Motion for Relief Under Rule 60(b) (Doc. 114) is **DISMISSED** as a second or successive habeas petition lacking proper certification and, alternatively, **DENIED** to the extent it is treated as a Rule 60(b) motion.

Dated this 21st day of December, 2021.

                                                                JOHN A. ROSS  
                                                                UNITED STATES DISTRICT JUDGE